# Richmond.

BOWE AND OTHERS v. BOWE'S ADMINISTRATOR AND OTHERS.

November 11, 1915.

1. WILLS—*Construction—Property Acquired After Date of Will—Case in Judgment.*—Where a husband devised and bequeathed all of his real and personal estate to his wife, and, after his death, all of such real estate was transferred to her upon the land books and she took possession of it and exercised ownership over it, and the greater part of his personal estate also passed into her actual possession, the will of the wife, though *made in the lifetime* of her husband, disposing of all her estate, passes that acquired from her husband as well as that personally owned by her, as the will speaks of the time of her death, and there is always a strong presumption in favor of complete testacy.

2. WILLS—*Construction.*—A gift in a will of two hundred dollars "to each of my grandchildren not named in this my will" is too plain to need interpretation.

Appeal from a decree of the Chancery Court of the city of Richmond, construing a will.

*Affirmed.*

The opinion states the case.

*C. R. Sands,* for the appellants.

*Hill Carter* and *Stuart Bowe,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by Bruce Bowe, as administrator of his mother, E. L. Bowe, in which he shows that she died in April, 1915, leaving an estate amounting to about $470,000, the bulk of which she acquired under the will of her late hus-

band, N. W. Bowe, and which consisted of about equal amounts of real and personal property. All of the real estate and the greater amount of the personal estate was devised and bequeathed to her by her husband. All of the property of which N. W. Bowe died possesed had been taken possession of and was under the control of his widow. The real estate had been transferred on the land books and the personal property was in her possession, except about $37,000 worth of stocks which she had transferred to her children. Mrs. Bowe left surviving her nine adult children and a number of grandchildren. She left an olograph will, which consisted of four separate papers, the first of which contains a number of pecuniary legacies. By so much of her will as appears upon the second paper, dated June 26, 1911, she bequeaths two hundred dollars "to each of my grandchildren not named in this will;" and by the third of the papers, dated 29th of February, 1912, she provides: "In my will I mentioned all of my children, the rest of E. L. Bowe's estate I wish divided between my three girl children Dudley Pleasants Bowe, also Wythe Bowe five hundred their lifetime at their death to be returned to my three girls;" and by the fourth paper it is provided: "Whatever portion of my estate and of my late husband should pass to my sons, Stuart Bowe, Charles Bowe, and Wythe Bowe must at their deaths pass to their children and at the death of these children pass to the children of the late N. W. Bowe and Emma L. Bowe."

The administrator, in his bill, states that he as well as the other adult parties were of opinion that the paper writing dated 29th of February, 1912, embraced and conveyed all of the estate of the testatrix owned by her at the time of her death not disposed of by her, in the two former paper writings dated June 26, 1911. That part of the will relied on as passing the whole of the residue of the estate of the testatrix is as follows: "In my will I mentioned all of my children, the rest of E. L. Bowe's estate I wish divided between my three girl

children, Dudley Pleasants Bowe, also Wythe Bowe, five hundred their lifetime, at their death to be returned to my three girls."

It appears from the bill that the three daughters, who thus received the great bulk of the estate of their mother, united with their husbands in executing, of their own motion, a voluntary deed conveying enough of the real estate devised to them by their mother to their six brothers and to Stuart Bowe, Cary Ellis Stern and Bruce Bowe, trustees, to make each of their six brothers receive an equal share of their estate with the daughters, and the deed has been recorded in the clerk's office of the Chancery Court of the city of Richmond. All of this real estate was property which had been acquired by the testatrix under her husband's will, she having no other real estate at the time of her death.

The bill further states that under a provision of one of the papers dated June 26, 1911, which had been admitted to probate, the administrator had the power to sell the land of the testatrix for the purpose of paying $200 to each of her grandchildren "not named in this my will." There are no grandchildren named in this paper writing, but some of them are named in the paper writing of the same date. A question has been raised by proposed purchasers of the land which the administrator desires to sell for the purpose of paying the legacies to the grandchildren, as to whether all the property of the decedent passes by her will, or only such property as she owned exclusively and independent of what she got from her husband. This question affects not only the real estate of the testatrix which the administrator desires to sell to pay off the legacies, but also the personal estate which is in his hands and under his control; and he, therefore, asks that the court decide this and other questions which may arise in the administration of the estate, and files his bill for the construction and interpretation of the will of his testatrix. All the children and grandchildren of N. W. and E. L. Bowe are made parties defendant.

The two questions which it is particularly desired that the court shall pass upon construing the will of E. L. Bowe are, first, whether the will devised and bequeathed all the estate of the late Emma L. Bowe, including what she received from her husband, N. W. Bowe; and, second, whether the legacies of $200 applied to all the grandchildren, or only to those named in one of the papers dated the 26th of June, 1911.

The infant defendants filed a formal answer submitting their interests to the decision of the court. The deposition of Bruce Bowe was taken, in which he states that all of the real estate owned by his mother was devised to her by her late husband, N. W. Bowe; that it was all in her possession and under her control, and had been transferred to her on the land books of the city of Richmond and county of Henrico; that all of the personal property which passed under his father's will to his mother had been transferred to her name, except some stocks in the Virginia-Carolina Chemical Company, Schloss Sheffield, and some Mexican mining stocks which she had transferred to some of her children.

Upon the case thus made the chancery court was of opinion, "First: That the last will and testament of Emma Lewis Bowe admitted to probate in this court on the 27th day of April, 1915, devised and bequeathed, with the exception of certain pecuniary legacies given by the testatrix to her children and grandchildren and parties named therein, all her property and estate owned by her at the time of her death, including the property devised and bequeathed to her by her late husband, N. W. Bowe; and, second, that the administrator c. t. a. of Emma Lewis Bowe, deceased, has power under her will to sell so much of her real estate as is required to pay off and discharge legacies given by said will of $200 each to her grandchildren not named in so much of her will as was contained in the two paper writings on the same sheet constituting part thereof, which were dated the 26th of June, 1911."

To this decree an appeal was awarded, and the first error

assigned is that the court erred in holding that all the property and estate owned by Mrs. Bowe at the time of her death, including the property devised and bequeathed to her by her late husband, N. W. Bowe, passed under her will.

The chief argument relied upon by the appellants in support of their contention that the will of E. L. Bowe did not dispose of the property received by her under the will of her husband, N. W. Bowe, is that her will, or that portion of it in which it is claimed that the residuary clause appears and under which her three daughters were residuary devisees and legatees, was written during the lifetime of N. W. Bowe, and, therefore, could not have been intended to apply to property that passed to her under his will. If this fact stood alone, it might have some force, but when it is made to appear that after the death of her husband all of the real estate standing in his name was transferred to her upon the land books, that she took possession of it and exercised ownership over it; that the greater part of his personal estate passed into her actual possession, we cannot doubt that her will, which, under the statute, speaks at the time of her death, passed all the property, real and personal, to which she was entitled, including that which she took under the will of her husband. There is always a strong presumption in favor of complete testacy.

In *Prison Association* v. *Russell's Admr.,* 103 Va. 563, 49 S. E. 966, it was said: "The presumption is that every testator intends to dispose of his whole estate, and this is especially true where the will contains a general residuary clause, and very strong and special words will be required to rebut this presumption."

The principle, however, is too well settled to require authority in support of it. We think the first assignment of error, therefore, is not well taken.

With respect to the second assignment of error, that the court erred in deciding that all of the grandchildren were not entitled to $200 each, as provided in the paper writing dated

June 26, 1911, we are of opinion that the court merely followed the plain letter of the instrument which it was construing, which gives "Two hundred to each of my grandchildren not named in this my will." The language of the will is plain, and needs no interpretation.

The decree of the court is, we think, without error, and is affirmed.

*Affirmed.*